STATE OF. HAWAII, Plaintiff-Appellant, *v.* TRACEY L. HAWKINS, Defendant-Appellee

NO. 8180

CRIMINAL NO. 55032

APRIL 20, 1982

RICHARDSON, C.J., LUM, NAKAMURA, JJ.,
AND RETIRED JUSTICES OGATA AND MENOR
ASSIGNED BY REASON OF VACANCIES

*Per Curiam.* The State of Hawaii (hereinafter State) appeals from a decision of the First Circuit Court which dismissed its complaint against defendant-appellee, Tracey L. Hawkins (hereinafter appellee), for violating Section 26-6.2(b)(7), Revised Ordinances of Honolulu (R.O.H.). The issues raised herein have been addressed in our

recent decision of *State v. Bloss*, 64 Haw. 148, 637 P.2d 1117 (1981), which we find to be dispositive. Accordingly, we affirm the decision of the circuit court.

On the evening of November 12, 1980, at about 9:10 p.m., appellee was seen by the police stopping several pedestrians on the sidewalk near Lewers Street and giving them handbills which advertised a free breakfast if one attended a time-sharing presentation. Appellee was then given a citation for violating the ordinance in question today. After demanding a jury trial, appellee's case was transferred to circuit court whereupon a motion to dismiss was filed. After considering the memoranda and arguments presented, the circuit court delcared Section 26-6.2(b)(7), R.O.H., unconstitutional and dismissed the charge against appellee.

As amended by Ordinance No. 4302 (italicized material), Section 26-6.2, R.O.H., regulates peddling on streets, sidewalks and malls, and in other public places. That ordinance provides in pertinent part:

(b) Notwithstanding any ordinance to the contrary, it shall be unlawful for any person to sell or offer for sale, *solicit orders for, or invite attention to or promote in any manner whatsoever, directly or indirectly,* goods, wares, merchandise, food stuffs, refreshments or other kinds of property or services, *or to distribute commercial handbills, or to carry on or conduct any commercial promotional scheme, advertising program or similar activity* in the following areas:

.   .   .   .

(7) Waikiki peninsula — upon the public streets, alleys, sidewalks, malls, parks, beaches or other public places in Waikiki commencing at the entrance to the Ala Wai Canal to Kapahulu Avenue thence along the diamond head property line of Kapahulu Avenue to the ocean, thence along the ocean back to the entrance of the Ala Wai Canal.

*The provisions of this subsection shall not apply to the sale or offer for sale of daily newspapers of general circulation and to duly authorized concessions in public places.*

In *State v. Bloss, supra,* we addressed the issue of whether Section 26-6.2(b)(7), R.O.H., violated the first amendment and the due process clause of the United States Constitution and the correspond-

ing sections of the Hawaii Constitution.[1] We declared that the portion of Section 26-6.2(b)(7), which was amended by Ordinance No. 4302, was unconstitutional. We held that commercial speech is entitled to constitutional protection, albeit a lesser protection than other forms of speech. Thus, governmental regulation of commercial speech is constitutionally permissible when such speech concerns lawful activity and is not deceptive or misleading; that the regulation seeks to implement a substantial governmental interest; that the regulation directly advances that interest; and reaches no further than necessary to accomplish the given objective. Although Section 26-6.2(b)(7) had good intentions of trying to preserve the attractiveness of Waikiki for tourism, we determined that the instant ordinance was more extensive than necessary to serve that asserted governmental interest. The ordinance totally precluded commercial speech in an area where such speech would not be incompatible and that the ordinance did not leave open, ample alternative channels of communication. We further found that the instant ordinance was also unduly vague, thus violating the due process clause of the federal and state constitutions.

In the instant case, the State argues that Section 26-6.2(b)(7) is a valid exercise of the State's police power and that the impact of the regulation upon speech is minimal. However, our conclusion in *Bloss* that the instant ordinance is more extensive than necessary to serve the asserted governmental interest of preserving the attractiveness of Waikiki for tourism is equally applicable here. The ordinance in question totally prohibits protected commercial speech and provides no alternative channels of communication. Moreover, commercial speech is not incompatible with the commercial activity in Waikiki. Although this case involves in-person solicitation, which is unlike the situation in *Bloss* where the handbills were affixed to the side of a van, nothing in the record compels us to conclude that the ordinance can be saved from constitutional attack. The rationale of preventing nuisances to preserve the attractiveness of tourism in Waikiki, on balance, is not sufficient to justify the total suppression of commer-

---

[1] Free speech is guaranteed by the First Amendment to the United States Constitution and Article I, Section 4 of the Hawaii State Constitution. Due process protections are found in the Fourteenth Amendment of the United States Constitution and Article I, Section 5, Hawaii Constitution.

cial speech. *State v. Bloss, supra.* The record does not indicate that the instant handbill was deceptive, false or misleading. Furthermore, the State has not shown that a more limited regulation could not adequately protect the asserted governmental interest. *Id.*

The State also argues that the instant ordinance is not unduly vague and does not violate the due process clause of the federal and state constitutions. We find no new arguments presented by the State which persuades us to change the conclusion reached in *Bloss* on this precise issue. Thus, we adhere to our analysis and conclusion in *Bloss* that Section 26-6.2(b)(7), R.O.H., as amended by Ordinance No. 4302, is unconstitutionally vague.

We reaffirm our decision in *State·v. Bloss, supra,* and declare Section 26-6.2(b)(7), R.O.H., as amended by Ordinance No. 4302, unconstitutional as violating the first amendment and the due process clause of the United States and Hawaii Constitutions.[2]

Affirmed.

*Mark S. Kawata,* Deputy Prosecuting Attorney, on the brief for plaintiff-appellant.

*James T. Wada* on the brief for defendant-appellee.

---

[2] Since *Bloss* declared Section 26-6.2(b)(7), R.O.H., unconstitutional, the ordinance, as it read prior to the 1974 amendment, was reinstated. The ordinance that is presently in effect reads as follows:

Notwithstanding any ordinance to the contrary, it shall be unlawful for any person to sell or offer for sale goods, wares, merchandise, foodstuffs, refreshments or other kinds of property or services except newspapers of general circulation and by duly authorized concessions in public places in the following areas: